IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

PATRICIA SUSANA SERRANO SAAVEDRA, )
etc., et al.,                     )
                                  )
            Plaintiffs,           )
                                  )
      v.                          )   No. 06 C 6809
                                  )
THE BOEING COMPANY, et al.,       )
                                  )
            Defendants.           )

MEMORANDUM OPINION AND ORDER

Boeing Company ("Boeing") has just filed a Notice of Removal ("Notice")--filed even before Boeing was served with process--by which it seeks to bring this action, filed against it and some codefendants by Patricia Susana Serrano Saavedra ("Saavedra"),[1] from the Circuit Court of Cook County to this District Court. This Court sua sponte remands this action to its place of origin because Boeing has not properly established the existence of federal subject matter jurisdiction.

Because federal courts are courts of limited jurisdiction, competent to entertain litigation only as Congress prescribes, caselaw consistently teaches the lesson succinctly stated in Wis. Knife Works v. Nat'l Metal Crafters, 781 F.2d 1280, 1282 (7th Cir. 1986):

> The first thing a federal judge should do when a

---

[1] Saavedra sues as personal representative of the Estate of Eleazar Armando Villafuerte Valenzuela and on behalf of the latter's survivors, including herself and the decedent's minor children.

> complaint is filed is check to see that federal jurisdiction is properly alleged.

In this instance Boeing purports to invoke both diversity jurisdiction and federal-question jurisdiction, but the former predicate is simply wrong and the latter is not established by what the Notice has set forth.

As for diversity jurisdiction, the presence of aliens on both sides of the "v." sign (one of Boeing's codefendants is concededly a non-United-States corporation, Transportes Aeros Nacionales de Selva, S.A.) destroys the complete diversity required by the seminal decision in Strawbridge v. Curtiss, 7 U.S. (3 Cranch) 267 (1806). That has been reconfirmed just a month ago in Intec U.S.A., LLC v. Engle, 467 F.3d 1038, 1041 (7th Cir. 2006), repeating the analysis set out in such earlier cases as Israel Aircraft Indus. v. Sanwa Business Credit Corp., 16 F.3d 198, 202 (7th Cir. 1994) and (more extensively) Allendale Mut. Ins. Co. v. Bull Data Sys., Inc., 10 F.3d 425, 427-28 (7th Cir. 1993).

As for federal question jurisdiction, Notice III.B proffers several arguments, but each of those contentions falls short of the type of so-called "field preemption" that exists in a few discrete areas, as exemplified (for example) by Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1 (1983)--areas of the law that are often described in terms of precluding a plaintiff's avoidance of the federal court system by employing

2

what is labeled as "artful pleading." True enough, Boeing may well have <u>defenses</u> to Saavedra's Complaint based on principles of federal law (indeed, Boeing's just-filed Answer advances such affirmative defenses ("ADs")--see its ADs 4, 5 and 14), but in the absence of field preemption a defendant cannot bootstrap itself into the federal court system through such defenses.

One point adverted to in the Notice may be mentioned parenthetically: the hypothetical possibility that the foreign corporate entity that destroys diversity is a "foreign state" within the meaning of 28 U.S.C. §1603[2] (Notice III.C). But the fatal flaw in that respect is that Boeing, having jumped the gun by its haste in filing the Notice before <u>any</u> defendant (including itself) has been served with process, has rendered any such possibility purely speculative at this point. And such sheer speculation does not of course comply with the mandate of <u>Wis. Knife Works</u> and like authorities. If it were hereafter to develop that Section 1603 does apply, so that the foreign entity might be entitled to remove this action on that basis (something that would hinge on the satisfaction of more than one contingency), it would then be time enough to consider that question.[3]

---

[2] Any further reference to Title 28's provisions will simply take the form "Section--."

[3] If that eventuality were to take place, the information on the Civil Cover Sheet provided by the Clerk's Office should

3

In sum, this Court holds under the authority of Section 1447(c) "that the district court lacks subject matter jurisdiction." And that being so, the same sentence in Section 1447(c) mandates remand. This Court accordingly orders that the case be remanded to the Circuit Court of Cook County, and as authorized by this District Court's LR 81.2(b) it further orders that the certified copy of the remand order be mailed forthwith.

                                                           */s/ William D. Shadur*
                                            Milton I. Shadur
                                            Senior United States District Judge

Date: December 12, 2006

---

indicate that the newly-removed action is the refiling of a previously dismissed case, so that the action is automatically assigned to this Court's calendar rather than proceeding by random assignment.